# SUPREME COURT OF APPEALS

*In re*: **N.S.**

**No. 17-0335** (Lincoln County 12-JA-23)

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father F.S., by counsel Jeffrey S. Bowen and Eric B. Anderson, appeals the Circuit Court of Lincoln County's March 7, 2017, order terminating his parental rights to N.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Noel M. Olivero, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period and terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, the DHHR filed an abuse and neglect petition against petitioner. The DHHR alleged that the child was born addicted to drugs and tested positive for marijuana and Subutex, even though the mother was not in a Subutex program. According to the DHHR, the mother had an extensive history of drug abuse. The DHHR also alleged hospital staff reported that the mother and petitioner abused drugs and lacked the ability to provide adequate care for the child, who has special needs. The child experienced withdrawal symptoms such as

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

tremors, difficulty sleeping between feedings, skin spots, hypertonic tone, and repeated sneezing. The DHHR alleged that the parents did not have resources to meet the child's basic need of housing, did not obtain substance abuse treatment, and did not understand how to take care of the child's special needs related to his withdrawal symptoms. The DHHR further alleged that petitioner was known to curse at hospital staff during visits with the child in the hospital. In December of 2012, petitioner waived his preliminary hearing.

In March of 2013, the circuit court held an adjudicatory hearing. Petitioner stipulated to having a substance abuse problem and being homeless. According to the DHHR, petitioner did not complete any substance abuse treatment since the last hearing. In fact, petitioner left the substance abuse treatment facility after less than one week. Also, since the last hearing, petitioner completed only five out of nine scheduled visits. Further, petitioner did not comply with random drug testing and tested positive for multiple substances in January of 2013. The circuit court granted petitioner a six-month post-adjudicatory improvement period.

According to the DHHR, petitioner signed a family case plan in April of 2013 requiring that he complete psychological evaluations and any other evaluations deemed necessary; participate in any recommended counseling, therapy or other necessary service; obtain and maintain a stable and safe home environment; participate in random drug screens; substance abuse treatment; and maintain sobriety after treatment. In October of 2013, the circuit court granted petitioner a ninety-day extension of his post-adjudicatory improvement period. Petitioner tested positive for illegal drugs multiple times in November of 2013 and December of 2013. According to the DHHR, in January of 2014, the guardian filed a motion to revoke petitioner's improvement period for failure to complete the terms of the family case plan, which were adopted by the circuit court as terms of petitioner's improvement period.

According to the DHHR, the circuit court entered an order in September of 2014 that found that petitioner's post-adjudicatory improvement period, and the extension of such, had expired by its own terms since the guardian's motion to revoke the improvement period. The circuit court also found that petitioner failed to fully participate in parenting classes, failed to successfully complete a substance abuse program, failed to fully participate in supervised visits with the child, and repeatedly tested positive for multiple substances. Finally, petitioner did not have a suitable home in which to care for the child. According to the DHHR, the dispositional hearing was scheduled and re-set for various reasons over the course of the next three years.

Petitioner filed a motion for a dispositional improvement period. In February of 2017, when the circuit court held a dispositional hearing at which the DHHR, guardian, and intervening foster parents requested termination of petitioner's parental rights. Petitioner did not testify at the dispositional hearing. The circuit court found that petitioner failed to comply with the terms of the family case plan and the post-adjudicatory improvement period and noted petitioner's failure to successfully complete a substance abuse program and maintain a period of sobriety throughout the proceedings. Accordingly, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. By final order entered on

March 7, 2017, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that he should have been granted a dispositional improvement period because it was impossible for him to complete a substance abuse program during his post-adjudicatory improvement period and, accordingly, he was "set up for failure from the beginning." Conversely, petitioner asserts that he substantially complied with the family case plan, obtained suitable housing that he has maintained since 2013, and maintained his sobriety through a Suboxone program for over a year.

In order to obtain a dispositional improvement period, West Virginia Code § 49-6-12(b)(2) requires that the parent "demonstrates, by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Additionally, under West Virginia Code § 49-6-12(b)(4), a parent may only receive a second improvement period if the parent has experienced a substantial change in circumstances since the initial improvement period and can "demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

---

[3]Petitioner's parental rights to the child were terminated below. The mother voluntarily relinquished her parental rights on October 16, 2014. According to the guardian and the DHHR, the child is placed in a foster home with a permanency plan of adoption in that home.

Here, petitioner does not assert that he had a substantial change in circumstances since the expiration of his post-adjudicatory improvement period. Moreover, petitioner also failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of a dispositional improvement period because, although the post-adjudicatory improvement period expired, the circuit court found that petitioner did not comply with its terms and conditions. Petitioner also failed to participate in parenting classes, attend visits with the child, or comply with consistent drug screens, and tested positive for illegal substances throughout the proceedings. Based on this evidence, the circuit court did not err in denying petitioner's motion.

Finally, petitioner argues that the circuit court erred in terminating his parental rights. Petitioner asserts that during the pendency of the case, he "completed all the requirements of his family case plan in order to regain custody of his child." We disagree. West Virginia Code § 49-6-5(a)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011).

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. As discussed above, petitioner failed to attend visits and comply with services, including parenting classes and drug screens. Additionally, petitioner tested positive for drugs during the proceedings and did not complete a drug treatment program. Moreover, the circuit court also found that termination was necessary for the child's welfare. As previously stated, pursuant to West Virginia Code § 49-6-5 (a)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 7, 2017, dispositional order is hereby affirmed.

Affirmed.

4

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker